**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 998 QIN FAMILY III LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-03298 |
| | § | |
| UNITED STATES LIABILITY INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. State when the conference of the parties required by Rule 26(f) was held and identify the counsel who represented each party.

   **The parties' Rule 26(f) conference was held on August 14, 2026. Patrick Yarborough represented Plaintiff; Raymond Kutch represented Defendant.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **There are no related cases.**

3. Specify the allegation of federal jurisdiction.

   **Federal jurisdiction is invoked under 28 U.S.C. §§ 1332, 1441, and 1446, diversity of citizenship.**

4. Name the parties who disagree and the reasons.

   **No party disputes the federal court's jurisdiction.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **The parties do not anticipate adding other parties.**

6. List anticipated interventions.

   **The parties do not currently anticipate that any party will intervene.**

   Describe class-action issues.

   **There are no class action issues.**

7. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties agreed to complete their Initial Disclosures by September 25, 2026.**

8. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   **August 14, 2025**

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiff will serve interrogatories on Defendant by October 30, 2026.**

   C. When and to whom the defendant anticipates it may send interrogatories.

   **Defendant will serve interrogatories on Plaintiff by October 30, 2026.**

   D. Of Whom and by when the plaintiff anticipates taking oral depositions.

   **Plaintiff anticipates deposing Defendant's corporate representative and any expert witnesses Defendant may designate. Plaintiff anticipates taking these depositions by March31, 2027.**

   E. Of Whom and by when the defendant anticipates taking oral depositions.

   **Defendant anticipates deposing Plaintiff's corporate representative, and any expert witnesses Plaintiff may designate. Defendant anticipates taking these depositions by March 31, 2027.**

   F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   **Plaintiff will designate his experts and provide their reports by February 1, 2027.**

**Defendant will designate its experts and provide their reports by March 2, 2027.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the deposition(s) of Defendant's expert(s) by April 30, 2027.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).

**Defendant anticipates taking the deposition(s) of Plaintiff's expert(s) April 30, 2027.**

9. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

**The parties agree on the proposed discovery plan.**

10. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

11. State the date the planned discovery can reasonably be completed.

**The parties anticipate that the planned discovery will be completed by May 31, 2027**

12. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have discussed attending mediation after initial discovery is complete.**

13. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have discussed attending mediation after initial discovery is complete.**

14. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**The parties have discussed attending mediation after initial discovery is complete.**

15. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties consented to a trial before a magistrate judge.**

16. State whether a jury demand has been made and if it was made on time.

    **Neither party has made a jury demand in this case.**

17. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate that the case can be tried in One to Two (1-2) days.**

18. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**

19. List other motions pending.

    **None.**

20. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

21. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**All parties have filed their Disclosure of Interested Parties**.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Date: August 17, 2026

Respectfully submitted,

By: *<u>/s/ Raymond Kutch</u>*
Daniel P. Buechler
State Bar No. 24047756
dbuechler@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

-and-

Raymond M. Kutch
State Bar No. 24072195
rkutch@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
**COUNSEL FOR DEFENDANT**
**UNITED STATES LIABILITY COMPANY**

-and-

By: *<u>/s/ Patrick Yarborough (with permission)</u>*
Patrick Yarborough
Texas Bar No. 24084129
patrick@fyktriallaw.com
Sanja Muranovic
Texas Bar No. 24083540
sanja@fyktriallaw.com
Walter E. Beard
Texas Bar No. 24116084
web@fyktriallaw.com
Foster Yarborough Killingsworth PLLC
449 Louisiana, Suite 1800
Houston, Texas 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
**COUNSEL FOR PLAINTIFF 998 QIN FAMILY III LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on the 17th day of August 2026, a true and correct copy of the foregoing was delivered to the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Patrick Yarborough
Sanja Muranovic
Walter E. Beard
FOSTER YARBOROUGH KILLINGSWORTH PLLC
449 Louisiana St., Suite 1800
Houston, TX 77002
patrick@fyktriallaw.com
sanja@fyktriallaw.com
web@fyktriallaw.com

*/s/ Raymond Kutch*
RAYMOND M. KUTCH